# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| **VICKIE LYNN HANSON**, | |
| Plaintiff, | **No. 14-CV-4061-DEO** |
| vs. | |
| **CAROLYN W. COLVIN**, COMMISSIONER OF SOCIAL SECURITY, | **ORDER** |
| Defendant. | |

## I. ANALYSIS

The above captioned case arises out of a Social Security Complaint filed by Ms. Hanson on July 14, 2014. Docket No. 3.

On January 20, 2015, the Defendant filed a Motion to Remand, Docket No. 13. In the Motion to Remand, the Defendant admits certain deficiencies in the record and requests the Court remand the case. Specifically, the Defendant states:

> [a]fter careful review of the above-captioned case agency counsel requested that the Appeals Council reconsider the Commissioner's decision. Upon review, the Appeals Council determined that remand was appropriate for further consideration of plaintiff's claim.

Docket No. 13, p. 3.

The Plaintiff resists remanding, arguing instead that the Court should consider the case on the merits and award Ms. Hanson benefits. Docket No. 14.

The Court held a hearing on this matter on February 6, 2015. After listening to the parties' arguments, the Court is persuaded that remand is appropriate. As stated in the Defendant's brief, it is clear that the current record lacks vital information necessary to reach a proper determination of Ms. Hanson's disability claim. For that reason, upon remand, the Appeals Council will vacate the ALJ's decision and remand this case to an ALJ. The ALJ will provide Ms. Hanson an opportunity to update the medical records; further evaluate the mental impairments pursuant to the special technique for evaluating mental impairments set forth by 20 C.F.R. §§ 404.1520a and 416.920a; further evaluate the medical opinion evidence and the claimant's subjective complaints; reassess the claimant's RFC; obtain supplemental evidence for a vocational expert at steps four, and if warranted, step five; offer the claimant an opportunity for another hearing; and take any further action necessary to complete the administrative record.

## II. CONCLUSION

For the reasons set out above, the decision of the Administrative Law Judge is reversed, and this case is remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).[1]

If Plaintiff wishes to request an award of attorney's fees and costs under the Equal Access to Justice Act (EAJA) 28 U.S.C. § 2412, an application may be filed up until 30 days after the judgment becomes "not appealable" i.e., 30 days after the 60-day time for appeal has ended.  See <u>Shalala v. Schaefer</u>, 509 U.S. 292, 296 (1993); 28 U.S.C. §§ 2412(d)(1)(B),(d)(2)(G).

**IT IS SO ORDERED** this 19th day of February, 2015.

_Donald E. O'Brien_
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa

---

[1] During the hearing, Plaintiff's counsel expressed concern about potentially having to re-litigate issues in this case if Ms. Hanson is again denied benefits.  If Ms. Hanson is again denied benefits, and chooses to appeal that Order, Ms. Hanson need only reference the above captioned case number as a 'related case' when filing her Complaint, and the case should be assigned to this Court by the Clerk of Court's Office.