# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

VICKIE LYNN HANSON,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY, Carolyn W. Colvin, Acting Agent,

    Defendant.

No. C 14-4061-MWB

**ORDER GRANTING PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES**

_____

This case is before me on the plaintiff's May 15, 2015, Fee Application (docket no. 21), requesting attorney's fees in the amount of $4,081.73. The defendant filed his Response To Plaintiff's Application For Attorney Fees Pursuant To Justice Act (docket no. 22) stating, "Defendant has no objection to plaintiff's request for attorney fees under the EAJA in the amount of $4,081.73. Defendant respectfully requests that the court enter an order specifically awarding attorney fees of $4,081.73." Further, the defendant states that, in accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010), "the EAJA fee is payable to plaintiff as the litigant and may be subject to offset to satisfy a pre-existing debt that the litigant owes to the United States." Defendant's Response at 1.

In 28 U.S.C. § 2412(d), the EAJA provides for the award of fees and expenses under the following circumstances: (1) the party requesting the fees prevailed; (2) the position of the United States was not "substantially justified;" (3) the fees were incurred by the moving party in a "civil action . . . including proceedings for judicial review of agency action;" (4) the action was brought by or against the United States; (5) the court entering the ruling had "jurisdiction of that action;" (6) the party seeking fees submitted an application 30 days after final judgment, specifying the "amount sought, including an itemized statement . . . stating the actual time expended and the rate at which fees and

other expenses were computed;" (7) the amount sought is reasonable under the circumstances; and (8) there are no "special circumstances" making "an award unjust."

In this case, the plaintiff has satisfied each of the necessary circumstances identified in § 2412(d). The plaintiff prevailed in a civil action against the Commissioner of Social Security. *See* Order (docket no. 19) (reversing the decision of the ALJ and remanding for further consideration). The Commissioner's position was not substantially justified, in that the overwhelming weight of the evidence supported the conclusion that the Commissioner's decision should be reversed and remanded for further consideration. The fees claimed were incurred by the plaintiff in proceedings for judicial review of agency action against the United States. This court properly exercised jurisdiction over this action for judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The plaintiff's application was timely and included an itemized statement of the actual time expended, the hourly rate, and the manner in which fees and other expenses were computed. *See* Plaintiff's Fee Application (docket no. 21). Neither the Commissioner nor I consider the amount agreed upon by the parties to be unreasonable under the circumstances.[1] Finally, I am unaware of any special circumstances that would render the award unjust, and the parties have identified none.

---

[1] 28 U.S.C. § 2412(d)(2)(A) provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." In this case, I have reviewed the Itemization of Fees provided by plaintiff's attorney, and I find that the hourly rate charged in this case is $190.06. *See* Plaintiff's Fee Application (docket no. 21). Plaintiff states that "Pursuant to the Statutory Maximum Rates Under the Equal Access to Justice Act, the undersigned believes the hourly rate should be $190.06 for 2014 as indicated on the United States Courts for the Ninth Circuit's website. The 2014 hourly rate was also used for the undersigned's time entry in 2015, as the 2015 [sic] is not yet indicated on the United States Courts for the Ninth Circuit's website." Here, plaintiff requested an increase in the rate charged, and the defendant did not object. Therefore, I do find the increase in the rate to be justified for the reasons stated. *See* 28 U.S.C. §2412(d)(2)(A).

Therefore, the plaintiff's May 15, 2015, Fee Application (docket no. 21) is **granted** in the amount to which the parties have agreed. The Social Security Administration shall pay attorney's fees under the EAJA in the agreed upon amount of $4,081.73, payable to the plaintiff, and mailed to plaintiff's attorney's address after any offset.[2]

**IT IS SO ORDERED**.

**DATED** this 1st day of September, 2015.

*[signature: Mark W. Bennett]*

MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOW

---

[2] As previously stated, the fee amount is subject to offset as set out in *Astrue v. Ratliff*, 560 U.S. 586 (2010).